1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE EASTERN DISTRICT OF CALIFORNIA

9 HAROLD JOSEPH NAGELMAKER,

10             Plaintiff,                        No. 2:12-cv-1924 EFB P

11       vs.

12 ANDREW POMOZAL, et al.,

13             Defendants.                       ORDER
   _____/

14

15       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

16 § 1983.  He has paid the filing fee.  In addition to filing a complaint, plaintiff requests the

17 appointment of counsel.  This proceeding was referred to this court by Local Rule 302 pursuant

18 to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D.

19 Cal. Local Rules, Appx. A, at (k)(4).

20 **I.       Screening Order**

21       Federal courts must engage in a preliminary screening of cases in which prisoners seek

22 redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23 § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

24 of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

25 relief may be granted," or "seeks monetary relief from a defendant who is immune from such

26 relief."  *Id.* § 1915A(b).

1    In order to avoid dismissal for failure to state a claim a complaint must contain more than

2 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

3 of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

4 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5 statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

6    Furthermore, a claim upon which the court can grant relief has facial plausibility.

7 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

8 content that allows the court to draw the reasonable inference that the defendant is liable for the

9 misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

10 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

11 *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

12 the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

13    A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

14 Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

15 statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

16 fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

17 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

18    The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it does not

19 state a cognizable claim.  Thus, to proceed plaintiff must file an amended complaint.

20    The complaint names as defendants Pomozal, Kimura, and Ling. The complaint's

21 "Statement of Claim" consists of the following:

22    My complaint stems from the negligence and total lack of medical care involving
     Dr. Pomozal and the other defendants here at the California Correctional Center
23    since 2007.  I have a severe spinal injury; medications were used to try and
     control my level of pain and somewhat helped me until Dr. Pomozal changed
24    them when he became Chief Medical Officer.  He also denied me permanent
     status for a lower bunk under the American Disabilities Act rules knowing fully
25    the extent of my ongoing injury.  Dr. Pomozal also refused to adhere to the
     specialist's recommendations that he himself sent me to confirm the true extent of
26    my injury and treatments.  He also denied me permanent status for a lower bunk

2

1    under the ADA rules knowing fully the extent of my ongoing injury which forced
2    me to be housed on a top bunk causing my pain and suffering.

3    Dckt. No. 1, § IV.  Plaintiff requests medical treatment and monetary damages.  *Id.* § V.

4          The allegations in the complaint are too vague and conclusory to state a cognizable claim

5    for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give

6    fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community*

7    *Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

8    degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*

9    Because plaintiff fails to plausibly state a claim for relief, the complaint must be dismissed.  The

10   court will, however, grant leave to file an amended complaint.

11         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

12   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

13   the alleged violation was committed by a person acting under the color of state law.  *West v.*

14   *Atkins*, 487 U.S. 42, 48 (1988).

15         An individual defendant is not liable on a civil rights claim unless the facts establish the

16   defendant's personal involvement in the constitutional deprivation or a causal connection

17   between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See*

18   *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th

19   Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for

20   the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

21   (2009).  Rather, a plaintiff must plead that each defendant, through his own individual actions,

22   has violated the Constitution.  *Id.*  It is plaintiff's responsibility to allege facts to state a plausible

23   claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

24   2009).

25         To state a claim for violation of the Eighth Amendment based on inadequate medical

26   care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

3

indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain.  *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).  It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  Moreover, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

In order to state a claim that a public program or service violated Title II of the Americans with Disabilities Act ("ADA"), a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public

entity."); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (ADA plaintiff may seek injunctive relief against state officials in their official capacities).   Damages, however, are only available under Title II of the ADA where a plaintiff proves the defendant acted with deliberate indifference.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.   It must also allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

Additionally, any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint.  L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

## II.   Request for Appointment of Counsel

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36

(9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.

**III.    Order**

Accordingly, the court hereby orders that:

1.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order may result in dismissal of this action.

2.  Plaintiff's request for appointment of counsel (Dckt. No. 2) is denied.

Dated:  October 23, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE